**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JABBAR COLLINS,<br><br>        Plaintiff,<br><br>v.<br><br>BOB'S DISCOUNT FURNITURE, SECAUCUS, NEW JERSEY and BOB'S DISCOUNT FURNITURE, LLC,<br><br>        Defendants. | Civil Action No.<br><br>20-3487 (MCA) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is *pro se* plaintiff Jabbar Collins' motion to remand this action to the Superior Court of New Jersey, Law Division, Hudson County. (ECF No. 8). The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, the Court respectfully recommends that plaintiff's motion to remand be **GRANTED** for lack of subject matter jurisdiction, as defendant has not established the requisite amount in controversy to establish diversity jurisdiction under 28 U.S.C. § 1332.

## I.    BACKGROUND

*Pro se* plaintiff Jabbar Collins commenced this action in the Superior Court of New Jersey, Law Division, Hudson County in March 2020. Defendant Bob's Discount Furniture, LLC ("Bob's LLC), asserting it was the sole, non-fictitious defendant named in the action, timely removed the case to this Court on grounds of diversity jurisdiction under 28 U.S.C § 1332(a). (Notice of

Removal ¶ 10, ECF No. 1). Plaintiff alleges in the Complaint that defendants failed to deliver several furniture orders within the promised three-hour delivery window. (Compl., ECF No. 1-1). He contends that the untimeliness of the deliveries constitutes negligence, breach of contract, breach of the "implied warranty of good workmanship," fraud, and violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8–2.2 *et seq.* (*Id.*). The Complaint's prayer for relief asks that the "Court issue judgment in his favor in the amount of $70,000 in compensatory and punitive damages, plus attorney fees, the costs and disbursements in this action, and such further relief as this Court deems proper." (*Id.* ¶ 135).

Plaintiff now moves to remand for lack of subject matter jurisdiction, arguing that there is neither complete diversity of citizenship nor an amount in controversy satisfying the $75,000 jurisdictional minimum for diversity jurisdiction. Bob's LLC, on the other hand, maintains that as there is diversity of citizenship between it and plaintiff, and as there is no such entity as the other named defendant, "Bob's Discount Furniture, Secaucus, New Jersey," complete diversity of citizenship has been demonstrated. It further argues that it establishes that the amount in controversy meets or exceeds the $75,000 jurisdictional threshold despite plaintiff's contention that his Complaint caps damages below that threshold.

## II.   DISCUSSION

This remand motion turns on whether the Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). Defendant, as the removing party, has the burden of demonstrating that the action is properly before the Court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). In analyzing whether defendant has met its burden, the Court observes that "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

A defendant may remove any civil action filed in state court to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction based on diversity of citizenship exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The Court first assesses whether the action is between citizens of different states, and next determines whether the minimum amount in controversy has been demonstrated.

### A.   Diversity of Citizenship

The Court must first determine whether there is complete diversity of citizenship under 28 U.S.C. § 1332(a). As long ago established in *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806), complete diversity requires that all plaintiffs are citizens of different states than all defendants. Here, plaintiff is a resident of either New Jersey or New York. (Although he pleaded a New York address in the Complaint, plaintiff now explains that the New York address is his place of business and that he actually has resided in New Jersey since his filing of this action). (Collins Decl. ¶ 20, ECF No. 8). Defendant Bob's LLC is undisputedly a citizen of Delaware and Massachusetts (Lotufo Decl. ¶¶ 5-6, ECF No. 1-2). Thus, whether plaintiff is a citizen of New York or New Jersey, there is complete diversity of citizenship between these two parties.

Plaintiff argues, however, that diversity jurisdiction is destroyed by a purported entity he named in the Complaint as defendant "Bob's Discount Furniture, Secaucus, New Jersey" because he and that entity share New Jersey citizenship. But Bob's LLC has demonstrated that there is no separate legal entity known as Bob's Discount Furniture, Secaucus, New Jersey that is affiliated with its furniture business. Bob's LLC filed a certification of its Vice President of Finance attesting that the "Bob's" retail store in Secaucus, New Jersey through which plaintiff purchased the furniture at issue in this action is operated by Bob's LLC. (Lotufo Decl., ECF No. 1-2).

Plaintiff has submitted nothing to the contrary. As there is no proof before the Court that the entity named as Bob's Discount Furniture, Secaucus, New Jersey exists, this purported entity must be disregarded for diversity purposes. *Cf. Lyons v. Costco Wholesale Corp.*, No. CV 19-17051 (SRC), 2019 WL 5418088, at *2 (D.N.J. Oct. 23, 2019) (disregarding citizenship of defendants sued under fictitious names). The remainder of the parties being completely diverse, the diversity of citizenship requirement of § 1332(a) is met.[1]

### B. The Amount in Controversy

Plaintiff further argues that removal based on diversity of citizenship under 28 U.S.C. § 1332(a) was improper because his Complaint expressly alleges an amount in controversy not exceeding the jurisdictional threshold of $75,000. For the reasons set forth below, the Court agrees.

#### 1. Legal Standards

To determine the amount in controversy, the Court looks to the operative complaint at the time of removal, the notice of removal, and submissions related to the motion to remand. *Faltaous v. Johnson & Johnson*, Civ. A. No. 07-1572 (JLL), 2007 WL 3256833, at *6 (D.N.J. Nov. 5, 2007). Where the jurisdictional facts are not in dispute, the Court considers whether the amount in controversy has been established with "legal certainty."[2] *Frederico*, 507 F.3d at 196.

---

[1] To the extent plaintiff further seems to argue that the entity he named as Bob's Discount Furniture, Secaucus, was actually his manner of naming New Jersey-citizen employees of the Bob's store in Secaucus, this assertion is unsupported by his Complaint and unavailing to contradict defendant's showing of complete diversity.

[2] Although Bob's LLC mentions that the propriety of the legal certainty test may be in question after the decision in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), the Court notes that its recommendation of remand would be the same even if a preponderance standard were applied.

The legal certainty test under which amount in controversy is analyzed may take one of two forms, depending on whether the plaintiff specifically has alleged an amount in controversy less than $75,000 in the Complaint. If he has, under the "*Morgan* test," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff can recover the jurisdictional amount." *Frederico*, 507 F.3d at 196–97 (citing *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir.2006), *cert. denied*, 552 U.S. 940 (2007)). Alternatively, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Id.* at 197 (emphasis in original) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)). The determination of whether the *Morgan* test applies turns on whether the complaint "specifically (and not impliedly) and precisely (and not inferentially) states that the amount sought" is less than the jurisdictional minimum. *Frederico*, 507 F.3d at 196-97. If it does, the plaintiff, being master of his Complaint, "may limit [his] claims to avoid federal subject matter jurisdiction." *Id*. at 195.

Even if the *Morgan* test is deemed to apply because plaintiff has specifically limited damages to an amount below the jurisdictional minimum for diversity, that is not the end of the Court's inquiry. A plaintiff's effort to limit damages is subject to a broad good-faith requirement. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 286, 288-89 (1938). To analyze whether the good-faith requirement is satisfied, the Court "must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not . . . . [as] the plaintiff's pleadings are not dispositive under the legal certainty test. This Court's task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims." *Morgan*, 471 F.3d at 474-75; *see also Hoffman v. DSE Healthcare*

*Sols., LLC*, No. CIV. 13-07582 (JLL), 2014 WL 1155472, at *3 (D.N.J. Mar. 21, 2014) (analyzing the aggregate value of claims under *Morgan*'s legal certainty test where plaintiff expressly limited the amount in controversy below the statutory threshold).

2.  Analysis

Applying these legal standards to the instant motion, the Court first notes that the salient jurisdictional facts concerning the amount in controversy are not in dispute, requiring application of the "legal certainty" test. *Frederico*, 507 F.3d at 196. The Court further determines that the *Morgan* test of legal certainty should apply. Here, plaintiff's *ad damnum* clause provides as follows: "Plaintiff respectfully requests that this Court issue judgment in his favor in the amount of $70,000 in compensatory and punitive damages, plus attorney fees, the costs and disbursements in this action, and such further relief as this Court deems proper." (Compl. ¶ 135, ECF No. 1-1).[3] Defendant argues that this language is not sufficiently specific to trigger the *Morgan* test in that the Complaint fails to use the words "shall not exceed" to cap his damages. But given plaintiff's *pro se* status and the lack of legal support for any "magic words" prerequisite for application of the *Morgan* test, the Court reads this clause as being sufficiently specific in its limitation on damages to bring it within the *Morgan* test of legal certainty. *See, e.g., Zelma v. United Online Commc'ns, Inc.,* No. CIV. 08-1030 (JAG) (MCA), 2008 WL 2625349, at *4 (D.N.J. June 27, 2008) (finding plaintiff triggered the Morgan test despite not having used the phrase "shall not exceed"); *Lawton v. Basic Research, L.L.C.,* No. CIV. 10-6341 (NLH) (AMD), 2011 WL 1321567, at *2 (D.N.J. Apr. 4, 2011) (observing that the "dispositive factor in Morgan was the fact that plaintiff

---

[3]  Plaintiff clarifies in his reply brief that he fully intends for this language to serve as a binding cap on his compensatory and punitive damages combined. *See* Reply Br. at 7, ECF No. 7 ("[plaintiff] stipulates the amount in controversy is not in excess of $70,000, and explicitly waives any right to recover damages above that amount").

made a statement regarding the potential value of his case—it was not simply that the plaintiff used the words 'shall not'"); *Probola v. Long & Foster Real Estate, Inc.,* No. CIV. 11-6334 (AET), 2012 WL 194955, at *3 (D.N.J. Jan. 23, 2012) (declining to exercise jurisdiction "based on an inaptly phrased pleading in the absence of compelling evidence that would suggest that Plaintiffs could recover more than" the jurisdictional minimum). Moreover, defendant overlooks the commands that it "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," *Frederico,* 507 F.3d at 193, and that "all doubts" concerning the existence of diversity jurisdiction "should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.,* 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). Defendant's stated concern that plaintiff subsequently may disavow his damage limitation in state court is mitigated by *Morgan*'s cautions that the plaintiff has now made his choice; should he seek an award in state court in excess of the federal amount in controversy requirement, he would ostensibly be barred by judicial estoppel. 471 F.3d at 477 n.9. For all of these reasons, we find that plaintiff has specifically limited the value of his compensatory and punitive damages to $70,000.[4]

Next, applying the good-faith requirement to plaintiff's Complaint, the Court examines as instructed by *Morgan* whether "plaintiff's actual monetary demands in the aggregate exceed the

---

[4] Defendant further argues that attorneys' fees must be considered in our calculation, but as a *pro se* litigant, plaintiff at the time of removal was not entitled to recover attorneys' fees. *See, e.g. Zelma*, 2008 WL 2625349 at *4 (disregarding *pro se* plaintiff's request for counsel fees in its amount in controversy analysis because *pro se* litigants are not entitled to them) (citing *Kay v. Ehrler*, 499 U.S. 432, 438 (1991)). No party contends that plaintiff's demand for "costs and disbursements" counts toward the calculation of the amount in controversy, but for the sake of completeness, the Court notes that it is clear that costs are excluded as well from the amount in controversy for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332 (a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").

threshold, irrespective of whether the plaintiff states that the demands do not." 471 F.3d at 474-75. This is measured "by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146. Therefore, it is Bob's LLC's burden to show to a legal certainty that plaintiff's claims on the face of the Complaint aggregate to more than $75,000.

Given the record in this case, Bob's LLC is unable to demonstrate to a legal certainty that plaintiff's legal claims exceed the statutory threshold. As an initial matter, the Court cannot ignore the obvious unlikelihood of a plaintiff being awarded more than $75,000 by a jury for enduring three delayed furniture deliveries. But looking at whether Bob's LLC meets its burden, the Court notes that the defendant strains to come up with any factual basis whatsoever for contending that plaintiff suffered any actual damages. (*See* Opp. Brief p. 18, ECF No. 16). Defendant's calculus works backward from plaintiff's limitation of $70,000 and supposes that compensatory damages must be the un-trebled amount of $23,333. There is no factual basis before the Court, however, to ascertain what plaintiff's actual damages were (if any), and thus has no starting point to treble or otherwise multiply in aggregating the amount in controversy. With due appreciation for the dearth of information from which Bob's LLC is constrained to make its arguments, the Court concludes that speculation as to the possibility that plaintiff may recover in excess of $75,000 for his claims does not carry Bob's LLC's burden to demonstrate by a legal certainty that the value of plaintiff's claims exceeds the jurisdictional minimum. *See Wilder v. Roma Food Enterprises, Inc.*, No. CIV. 14-8123 (JLL)(JAD), 2015 WL 6164032, at *4 (D.N.J. Oct. 19, 2015) (finding that defendants failed to overcome the legal certainty test in part because they presented suspect calculations of the amount in controversy that were not realistic or reliable).

Finally, for an entirely independent reason, the Court concludes that plaintiff has capped his damages below the jurisdictional minimum amount in controversy. Plaintiff states in his reply

brief that he "stipulates the amount in controversy is not in excess of $70,000, and explicitly waives any right to recover damages above that amount." (Reply Br. at 7, ECF No. 18). As this Court has held previously, a post-removal stipulation clarifying that the amount in controversy is below the minimum jurisdictional amount, if not inconsistent with that party's pleading, may be treated as controlling on the amount in controversy. In *DeJoseph v. Cont'l Airlines, Inc.*, for instance, the plaintiff stipulated in briefing on a motion to remand that he disclaimed damages beyond the jurisdictional threshold. 18 F. Supp. 3d 595, 599 (D.N.J. 2014). The Court considered plaintiff's representation "as a clarification of the ambiguity in the Complaint" and relied on it as an amount-in-controversy limitation justifying remand. *Id.* (citing *Angus v. Shiley*, 989 F.2d 142, 145 n. 3 (3d Cir. 1993)); *see also Rego v. Cont'l Airlines, Inc.*, 13-CV-1871 (MLC) (D.N.J Feb. 28, 2014) (Opinion and Order, ECF No. 32) (remanding action where post-removal stipulation in brief disclaimed damages above $75,000).

Therefore, Bob's LLC having failed to carry its burden of showing that the amount in controversy threshold has been met, this action should be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

### C. An Award of Costs

Plaintiff requests an award of costs if he prevails on this motion. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Even if removal was improper, "district courts must exercise their discretion in view of the circumstances of the case." *Siebert v. Norwest Bank Mn.*, 166 F. App'x 603, 607 (3d Cir. 2006). As Bob's LLC had a colorable basis for removal, the Court declines to exercise its broad discretion to award plaintiff whatever costs

he may have incurred in connection with his motion to remand. Therefore, the Court recommends that plaintiff's application for costs be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's Motion To Remand be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the Honorable Madeline C. Arleo, U.S.D.J.

Dated:       September 23, 2020

                                            *s/ Leda Dunn Wettre*
                                            Leda Dunn Wettre
                                            United States Magistrate Judge

Original:    Clerk of the Court
      cc:    Hon. Madeline C. Arleo, U.S.D.J.
              All Parties